## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SABLE DANIEL<br>6449 West 16th Street<br>Philadelphia, PA 19126 | : <br> : <br> : <br> : | CIVIL ACTION |
|        Plaintiff, | : <br> : | No.:  11-07492 |
| v. | : <br> : <br> : | **JURY TRIAL DEMANDED** |
| KVK-TECH, INC.<br>110 Terry Drive<br>Newtown, PA 18940<br>    and<br>KVK OPCO INC.<br>4317 Lower Mountain Road<br>New Hope, PA 18938<br>    and<br>FRANK RIPP, JR.<br>c/o KVK OPCO Inc.<br>4317 Lower Mountain Road<br>New Hope, PA 18938<br>    and<br>MURTY VEPURI<br>c/o KVK-Tech, Inc.<br>110 Terry Drive<br>Newtown, PA 18940 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |
|        Defendants. | : <br> : | |

## FIRST AMENDED CIVIL ACTION COMPLAINT

Plaintiff, Sable Daniel (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### I. Introduction

I.     Plaintiff initiates the instant action to redress violations by Defendants of 42 U.S.C. § 1981 ("Section 1981") and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et. seq.*  Plaintiff was unlawfully terminated by Defendants, and

was denied benefits to which she was legally entitled; therefore, Plaintiff seeks damages as set forth herein.

## II.   Jurisdiction and Venue

1.      This action is initiated pursuant to a federal law.  The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

2.      This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

3.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III.   Parties

4.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

5.      Plaintiff is an adult individual, with an address as set forth in the caption.

6.      Defendant KVK-Tech, Inc. (hereinafter "Defendant Tech") is corporation that develops, manufactures and markets various pharmaceuticals.

7.      Defendant KVK OPCO Inc. (hereinafter "Defendant Corporation") is jointly owned, managed, overseen and operated by Defendant Tech.

8.      Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendant Tech and Defendant Corporation (hereinafter "Defendant Entities") are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

9.      Defendant Frank Ripp, Jr. (hereinafter "Defendant Ripp") is upon information and belief the owner, operator, manager, and/or decision maker concerning terms and conditions of employment for employees of Defendant Entities including but not limited to their compensation and termination.

10.     Defendant Murty Vepuri (hereinafter "Defendant Vepuri") is upon information and belief an advisor and/or decision maker concerning terms and conditions of employment for employees of Defendant Entities including but not limited to their compensation and termination.

11.     At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## IV.    **Factual Background**

12.     The foregoing paragraphs are incorporated here in their entirety as if set forth in full.

13.     Plaintiff is an African-American female.

14.     Plaintiff began working for Defendant Entities in or about May of 2010 and was employed for approximately 1½ years.

15.     Plaintiff worked for Defendant Entities as an office assistant and within the purchasing department.

16.     Upon information and belief, Plaintiff was one of only a very few African-American employees during her employment with Defendant Entities and was the only African American office employee.

17.     During Plaintiff's employment, Defendants racially discriminated Plaintiff in several ways, including but not limited to: by refusing Plaintiff medical/health benefits unlike her non-black colleagues; by docking her pay; by not giving her time off from work or compensating her for such time off as Defendants did with other employees; and by not paying her similar compensation as other employees received.

18.     During her employment with Defendants, Plaintiff made complaints of racial discrimination to Defendant Entities' management including but not limited to Defendant Ripp and Defendant Vepuri.

19.     During her employment with Defendants, Plaintiff made complaints about her lack of medical/health benefits to Defendant Entities' management including but not limited to Defendant Ripp and Defendant Vepuri.

20.     Plaintiff made the aforementioned complaints to Defendant Entities' management, and Plaintiff was terminated in close proximity to her most recent complaints.

21.     Upon information and belief and Plaintiff's observations, Defendants condoned and perpetuated a discriminatory atmosphere in the workplace and failed to remedy racially discriminatory practices despite knowing of such practices.

22.     Plaintiff was terminated by Defendants for untrue reasons because of her complaints of racial discrimination.

## Count I
### Violation(s) of 42 U.S.C. Section 1981
**([1] Unequal Pay; [2] Denial of Equal Benefits; [3] Discriminatory Termination)**
**- Against All Defendants -**

23.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

24.     Plaintiff was subjected to ongoing and pervasive racial discrimination and/or by Defendants.

25.     Plaintiff suffered the following adverse actions because of her race for which she seeks relief in this lawsuit: (1) being subjected to a hostile work environment; (2) being denied equal pay to non-black employees; (3) being denied equal benefits; and (4) for being terminated due to her race.

26.     These actions aforesaid constitute a violation of 42 U.S.C. § 1981.

## Count II
### Violations of 42 U.S.C. Section 1981
**(Retaliation – Wrongful Termination)**
**- Against All Defendants -**

27.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28.     Plaintiff engaged in protected activity by complaining about racial discrimination and was terminated within close proximity to her complaints of racial discrimination.

29.     Plaintiff was terminated in retaliation for her complaint(s) of racial discrimination within Defendants.

30.     These actions as aforesaid constitute violations of 42 U.S.C. Section 1981.

**Count III**
**Violations of ERISA – Section 510, 29 U.S.C. § 1140**
**(Retaliation)**
**- Against All Defendants -**

31.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32.     Plaintiff objected to and/or complained to Defendants' management about violations of ERISA, including but not limited to, the discriminatory basis in which Defendants were giving/awarding ERISA benefits.

33.     Upon information and belief, a motivating factor in Plaintiff's termination was her aforesaid inquires, objections, opposition, and/or complaints about ERISA violations.    On multiple occasions, discussions and inquires related to medical benefits were initiated by Defendants during which Plaintiff expressed objections to Defendants' selective and disparate application of medical benefits.

34.     Upon information and belief, another motivating factor in Plaintiff's termination was her attempts to exercise her rights under the ERISA qualified medical/health plan.

35.     Plaintiff's termination for engaging in the aforesaid protected activity therefore constitutes violations of ERISA, Section 510.

**Count IV**
**Violations of ERISA – Section 510, 29 U.S.C. § 1140**
**(Interference)**
**- Against All Defendants -**

36.     At all relevant times, Defendants maintained a qualified group health plan for its employees.

37.     Defendants intentionally mis-classified Plaintiff as both a temporary and/or "introductory employee" throughout the duration of her employment in order to deprive Plaintiff of her rights to health benefits and other incidents of employment in violation of ERISA.

38.     Defendants intentionally mis-classified Plaintiff as an independent contractor throughout the duration of her employment in order to deprive Plaintiff of her rights to health benefits and other incidents of employment in violation of ERISA.

39.     Plaintiff was, at all relevant times hereto, a common law employee with Defendants, as Defendants controlled Plaintiff's hours, supervised Plaintiff's work, gave her work assignments, required her to follow their written safety policies and work rules, were able to administer discipline to her, paid her, and terminated her employment.

40.     Defendants initially told Plaintiff that her group health benefits would be contingent upon completing a ninety (90) day probationary period as a temporary and/or "introductory employee." After the ninety (90) day probationary period expired, and after providing Plaintiff with an overall satisfactory evaluation by Defendants' management, and giving her a raise, Defendants refused to allow Plaintiff the option to be covered by Defendants' qualified group health plan.

41.     Instead, Defendants promised Plaintiff another evaluation after an additional ninety (90) days to determine if she would be eligible for benefits under Defendants' qualified group health plan.

42.     Plaintiff was never given the one hundred and eighty (180) day evaluation, nor another evaluation with Defendants' management -- despite her repeated requests for same (both orally and in writing).

43.     Defendants were aware of Plaintiff's eligibility with its group health plan as it informed her multiple times, in writing, that she would become eligible for benefits.

44.     When Plaintiff maintained her requests for an evaluation by Defendants and an explanation as to why she was not receiving benefits to which she was entitled, Defendants terminated her employment.

45.     Therefore, Defendants committed an interference violation under ERISA Section 510, where they improperly denied Plaintiff medical and other benefits to which she was entitled under Defendants' Group Health Plan and subsequently terminated her employment in order to prevent her from obtaining those benefits to which she was legally entitled.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/interference at the hands of Defendant until the date of verdict;

C.     Plaintiff is to be awarded liquidated/punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.  Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.  Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:  _____
Christine E. Burke, Esq.
Ari Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: January 17, 2012