# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SABLE DANIEL, | CIVIL ACTION |
| Plaintiff, | No. 11-7492 |
| v. | |
| KVK-TECH, INC.<br>and<br>KVK OPCO INC.<br>and<br>FRANK RIPP, JR.<br>and<br>MURTY VEPURI, | |
| Defendants. | |

## ANSWER WITH AFFIRMATIVE DEFENSES
## TO FIRST AMENDED COMPLAINT

Defendants, KVK-Tech., Inc. ("KVK"), KVK OPCO, Inc. ("KVK OPCO"), Frank Ripp, Jr., and Murty Vepuri (collectively, "Defendants"), hereby submit their Answer with Affirmative Defenses to the First Amended Complaint ("Answer") in accordance with the numbered paragraphs of the First Amended Complaint (the "Complaint") of plaintiff, Sable Daniel ("Plaintiff"). In accordance with Rule 8(b) of the Federal Rules of Civil Procedure, Defendants generally deny all averments in the Complaint except such designated averments or paragraphs as Defendants expressly admit below. Defendants, by and through their undersigned counsel, hereby aver as follows:

### I.   Introduction

1.   Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

## II. Jurisdiction and Venue

1. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

2. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

3. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

## III. Parties

4. No response is required.

5. Admitted in part, denied in part. Defendants admit that Plaintiff is an adult individual. After reasonable investigation, Defendants do not possess sufficient knowledge or information to attest to the address of Plaintiff's residence.

6. Admitted.

7. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

8. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

9. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

10. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

11. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

## IV. Factual Background

12. No response is required.

13. Admitted.

14. Denied as stated. Defendants deny that Plaintiff began working for defendant KVK OPCO in or about May 2010 and remained employed by Defendants for approximately one and a half years. By way of further answer, on May 10, 2010, Plaintiff began working for KVK and, on or about January 1, 2011, began working for KVK OPCO. Plaintiff was terminated from KVK OPCO on November 11, 2011. At all times during Plaintiff's employment, she was a temporary employee.

15. Admitted in part, denied in part. Defendants admit that Plaintiff worked as an office assistant for KVK and then for KVK OPCO but deny that she did so only in the purchasing department.

16. Denied.

17. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied. By way of further answer, no protected characteristic nor any protected activity in which Plaintiff may have engaged played a motivating part or was a determinative factor in any of the decisions that were made concerning the terms and conditions of Plaintiff's employment.

18. Denied. By way of further answer, Plaintiff never complained to Defendants that she believed she was being discriminated against based on her race or for any other protected characteristic or unlawful purpose.

19. Denied as stated. By way of further answer, while Plaintiff complained generally (without any reference to a protected characteristic) that she was not receiving medical/health benefits during her employment, she lawfully never was entitled to receive such benefits given her status as a temporary employee.

3

20. Admitted in part, denied in part. Defendants admit only that Plaintiff complained generally (without any reference to a protected characteristic) that she was not receiving medical/health benefits and that at some time thereafter she was terminated. Defendants deny the remaining allegations because they are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

21. Denied. Certain of the averments in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied. In addition, the remaining allegations are denied.

22. Admitted in part, denied in part. Defendants admit that Plaintiff was terminated from her employment. Certain of the averments in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied. In addition, the remaining allegations are denied. By way of further answer, Plaintiff was terminated only for legitimate, non-discriminatory business reasons.

## Count I
## Violations of 42 U.S.C. Section 1981
### ([1] Unequal Pay; [2] Denial of Equal Benefits; [3] Discriminatory Termination)
### - Against All Defendants -

23. No response is required.

24. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

25. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

26. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

## Count II
### Violations of 42 U.S.C. Section 1981
### (Retaliation - Wrongful Termination)
### - Against All Defendants -

27. No response is required.

28. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

29. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied. By way of further answer, Plaintiff was terminated from her employment only for legitimate non-discriminatory business reasons.

30. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

## Count III
### Violations of ERISA – Section 510, 29 U.S.C. § 1981
### (Retaliation)
### - Against All Defendants -

31. No response is required.

32. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

33. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

34. Denied. Certain of the averments in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied. In addition, Defendants deny the remaining allegations.

35. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied. By way of

5

further answer, Plaintiff was terminated from her employment only for legitimate non-discriminatory business reasons.

## Count IV
### Violations of ERISA-Section 510m 29 U.S.C. § 1040
### Interference
### Against All Defendants

36. Admitted in part, denied in part. Defendants admit that KVK maintained a qualified health plan during the time Plaintiff was employed as a temporary/introductory employee. Defendants deny that this plan was available to all employees.

37. Admitted in part, denied in part. Defendants admit only that Plaintiff was classified as a temporary/introductory employee. Defendants deny certain of the remaining allegations because they are conclusions of law to which no response is required. To the extent they and the remaining allegations are factual, they are denied.

38. Denied. Certain of the allegations in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied. By way of further answer, Plaintiff was never classified as an independent contractor.

39. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

40. Admitted in part, denied in part. Defendants admit only that Plaintiff was given a 90-day evaluation, that on September 13, 2010, she received a $.75 per hour increase in her hourly wage, and that she was, at all times, a temporary/introductory employee. Defendants deny the remaining allegations. By way of further answer, to the extent this paragraph refers to a writing, the terms of which speak for themselves, the characterizations of such are denied. In addition, to the extent Plaintiff intends to allege in this paragraph of

6

PHIL1 1971337-1

her Complaint that she received an increase in pay because she was performing her job adequately, Defendants deny this.

41. Admitted in part, denied in part. Defendants admit that Plaintiff received an additional performance evaluation after her initial 90-day evaluation. Defendants deny the remaining allegations. To the extent these allegations refer to a writing, the terms of which speak for themselves, the characterizations of such are denied.

42. Denied.

43. Denied.

44. Admitted in part, denied in part. Defendants admit only that Plaintiff's employment was terminated. By way of further answer, Plaintiff was terminated for legitimate non-discriminatory business reasons.

45. Denied. The averments in this paragraph are conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. No protected characteristic nor any protected activity in which Plaintiff may have engaged played a motivating part or was a determinative factor in any of the decisions that were made concerning the terms and conditions of Plaintiff's employment. Instead, Plaintiff was terminated and kept as a temporary/introductory employee solely on the basis of legitimate non-discriminatory business reasons.

3. In the alternative, to the extent any of the Defendants made a decision impacting Plaintiff's employment, each would have made the same decision even if race and/or any alleged protected activity played no role in any of those decisions.

PHIL1 1971337-1

4. None of the entity defendants' management employees knew or should have known of any unlawful conduct about which Plaintiff complains.

5. Defendants did not intentionally discriminate against Plaintiff.

6. Plaintiff failed to mitigate her damages.

7. None of the Defendants acted with malice or reckless indifference to the rights of Plaintiff such that she should be entitled to punitive damages, and Defendants made a good faith attempt to comply with the laws.

8. Given Plaintiff's employment status, which was lawfully designated, Plaintiff was never entitled to any of the terms and conditions of her employment that she claims she was denied.

**WHEREFORE**, Defendants respectfully request that judgment be entered in their favor and against Plaintiff, in its entirety, and for any other remedy that is deemed just and appropriate.

Respectfully submitted,

KLEHR, HARRISON, HARVEY, BRANZBURG LLP

Dated: March 8, 2012

/s/ *Lee D. Moylan*
Charles A. Ercole
Lee D. Moylan
1835 Market Street, Suite 1400
Philadelphia, PA 19103
(215) 569-2700

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I, Lee D. Moylan, hereby certify that, on March 8, 2012, a true and correct copy of Defendants' Answer with New Matter to First Amended Complaint was served on the following via first class mail or electronic filing:

Christine E. Burke
Ari Karpf
Karpf & Karpf, PC
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
**Attorneys for Plaintiff**

/s/ Lee D. Moylan
Lee D. Moylan